# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel M. Godoy,<br><br>               Petitioner,<br><br>v.<br><br>Louis Winn,<br><br>               Respondent. | CV 09-0270-TUC-DCB (JM)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Daniel Godoy, an inmate in the custody of the Federal Bureau of Prisons, filed a *pro se* Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2241. Petitioner alleges that he has been denied his right to due process under the Fourteenth Amendment when the BOP disallowed good conduct time for violation of institutional rules. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 626(b)(1)(B) and Local Rule – Civil 72.1(b). As discussed below, the Magistrate Judge recommends that the petition be denied and that this case be dismissed.

**I.   Background**

In March 2003, Petitioner was sentenced in the United States District Court to 192 months imprisonment to be followed by five years of supervised release based on charges of possession of marijuana with intent to distribute. *Answer*, Exhibit 1, Attachment 2. On September 21, 2008, while incarcerated at FCI Tucson, Petitioner participated in the Institution's Urine Surveillance Program and a urine sample was obtained by Officer J. Vandevender. *Id.*, Attachment 3 (Memorandum to Discipline Hearing Officer). On September 25, 2008, the test results indicated that Petitioner tested positive for cannabinoids. *Id.* An Incident Report was prepared by Technician Amy Holzgrafe of the Special Investigative Supervisor's ("SIS") Office. Acting Lieutenant R. Cates investigated that matter and delivered the Incident Report to Petitioner that same evening. *Id.* (Incident

Report). The Incident Report was forwarded to the Unit Disciplinary Committee ("UDC") for further disposition. *Id.*

The following day, September 26, 2008, Petitioner appeared before UDC members A. Moreno and Scott Pennington. The UDC noted that Petitioner admitted that the allegations in the Incident Report were true and referred the charges to the Disciplinary Hearing Officer ("DHO") because "[t]he alleged violation is serious and warrants consideration for sanctions other than those available to the UDC." *Id*. A Notice of Discipline Hearing Before the DHO was delivered to Petitioner that same day by A. Moreno. *Id*. Petitioner was also given a notice of "Inmate Rights at Discipline Hearing" that listed seven inmate rights in matters referred to the DHO for disposition. *Id*. The rights described include the right to have a written copy of the charges, the right to be represented by a staff member, the right to call witnesses, the right to remain silent or present a statement, and the right to appeal the decision of the DHO "by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition." Petitioner signed to acknowledge the receipt of the notice of rights. *Id*. Petitioner elected not to have a staff representative or call any witnesses. *Id*.

On October 2, 2008, Petitioner appeared before DHO Mario Rubalcava. *Id.*, Exhibit 1, Attachment 3 (Discipline Hearing Officer Report). The DHO reviewed the evidence, including the toxicology report, noted that Petitioner admitted the charge and concluded that the act was committed as charged. *Id*. DHO Rubalcava imposed the following sanctions: loss of 27 days of Good Conduct Time ("GCT"), 45 days placement in Disciplinary Segregation, 18 months loss of visiting privileges, and 6 months loss of commissary privileges. *Id*.

Petitioner appealed the DHO's decision to the Regional Office on December 10, 2008, complaining of the harsh nature of the sanctions imposed. *Id*., Attachment 4 (Regional Administrative Remedy Appeal). The appeal was denied by the Regional Director on January 12, 2009. *Id*. Petitioner then filed an administrative remedy at the Central Office

level which was denied on April 7, 2001, by the Administrator of National Inmate Appeals. *Id.*

In the instant Petition, Petitioner alleges as follows:

> The finding of guilt and the resultant sanctions are invalid because the Due Process Clause was violated when the BOP set as a hearing officer a staff member who was otherwise involved in the process and lacked the impartiality demanded by the Constitution.

*Petition*, p. 4. As relief, Petitioner requests that the Court vacate the disciplinary finding of guilt and the associated sanctions and order a new hearing by an impartial hearing officer. *Petition*, p. 9; *Supplemental Memorandum*, p. 5.

## II. Discussion

### A. Due Process

#### 1. Standards

An inmate who is subject to the loss of a statutorily created liberty interest such as the good time credits at issue here is entitled to some due process protections. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). In the context of prison disciplinary proceedings, prison officials must: (1) provide advance written notice of the disciplinary violation; (2) allow the charged inmate an opportunity to call witnesses and present documentary evidence in his defense when doing so "will not be unduly hazardous to institutional safety or correctional goals;" and (3) to provide a written statement by a factfinder as to the evidence relied upon and the reason for the disciplinary action. *Id.* at 563-66.

Substantive due process is satisfied in prison disciplinary proceedings if there is "some evidence" of a disciplinary infraction. *Superintendent v. Hill*, 472 U.S. 445, 447 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence." *Id.* at 455-56. Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.*; *Bostic v. Carlson*, 884 F.2d 1267, 1270 (9th Cir. 1989).

**2.     Analysis**

Petitioner's specific allegations are that, "[a]lthough FCI Tucson has a regular [DHO], petitioner's incident report was heard by SIS Lieutenant Rubalcava." *Supplemental Memorandum*, p. 2. This is significant, Petitioner contends, because the Incident Report was written by Correctional Officer Cates who was also assigned to SIS and "[g]iven his authority in the SIS department, Lt. Rubalcava was personally involved in 'having the charge[] brought before the DHO." Petitioner believes that Rubalcava's alleged partiality led him to impose sanctions, particularly the loss of visitation privileges for 18 months, that are far more harsh than those imposed against similarly charged inmates. *Supplemental Memorandum*, p. 4.

Prison disciplinary hearings must be conducted by a person or body that is "sufficiently impartial to satisfy the Due Process Clause." *Wolff v. McDonnell*, 418 U.S. 539 (1974). The Code of Federal Regulations provides that:

> In order to insure impartiality, the DHO may not be the reporting officer, investigating officer, or UDC member, or a witness to the incident, or play any significant part in having the charge(s) referred to the DHO.

28 C.F.R. § 541.16(b) (2010). Rubalcava was not the reporting or investigating officer and was not a witness to the incident. *Answer*, Exhibit 2 (Declaration of Mario Rubalcava), ¶ 3. Petitioner contends that he nevertheless played a significant part in having the charge referred to the DHO based on his "authority in the SIS department." *Supplemental Memorandum*, p. 4. Respondents have established that in 2008, Rubalcava did not work in the SIS office at FCI-Tucson. *Answer*, Exhibit 2, ¶ 3. Rather, he was a Shift Lieutenant who had completed the required DHO training and served as an alternate DHO. *Id.*, ¶¶ 1 & 3.

Moreover, even if Rubalcava had worked in the capacity alleged by Petitioner, it would provide no basis for a finding that he did not act impartially. Those precluded from serving as DHOs "would not include those who are only tangentially affected by the alleged misconduct, such as prison officials who may have some administrative connection with such

4

misconduct prior to hearings." *Meyers v. Alldredge*, 492 F.2d 296, 306 (3rd Cir. 1974). Petitioner is therefore not entitled to relief on this basis.

Petitioner also touches on the substantive validity of the DHO's findings. However, the record clearly establishes the evidentiary basis for the disciplinary decision. When the decision regards disciplinary charges, the record must contain "some evidence" to support the decision. *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 455-56 (1985). Here, the evidence more than satisfies that requirement: the toxicology report indicated the presence of cannabinoids and Petitioner admitted to using marijuana.

### III. RECOMMENDATION FOR DISPOSITION BY THE DISTRICT JUDGE

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, **DISMISS WITH PREJUDICE** Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 09-0270-TUC-DCB**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 6th day of January, 2011.

_Jacqueline Marshall_
Jacqueline Marshall
United States Magistrate Judge