WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Daniel M. Godoy, )
        Petitioner, )
        ) CV 09-270 TUC DCB
v. )
        ) **O R D E R**
Louis Winn, )
        Respondent. )
_____)

     This matter was referred to Magistrate Judge Jacqueline Marshall on May 28, 2009, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On January 6, 2011, Magistrate Judge Marshall issued a Report and Recommendation (R&R). (Doc. 9)**.** She recommends dismissing the Petition for Writ of Habeas Corpus. (Doc. 1.) The Court accepts and adopts the Magistrate Judge's Report and Recommendation as the findings of fact and conclusions of law of this Court and dismisses the Petition.

## STANDARD OF REVIEW

     The duties of the district court, when reviewing a Report and Recommendation of a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a Report and Recommendation (R&R), "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objections are filed, the district court does not need to review the R&R *de*

*novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also,* Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). To date, no objections have been filed.

## REPORT AND RECOMMMENDATION

The R&R advises the Court to deny the Petition for Writ of Habeas Corpus. The Magistrate Judge rejected the Petitioner's assertion that the disciplinary hearing, finding of guilt, and resulting sanctions violated the Due Process Clause because the hearing officer was a staff member who was otherwise involved in the investigative process for the hearing and lacked impartiality. The Magistrate Judge found the record clearly established an evidentiary basis for the disciplinary decision so as to defeat any substantive violation of the Due Process Clause. "The toxicology report indicated the presence of cannabinoids, and Petitioner admitted to using marijuana." (R&R at 5.) The Magistrate Judge rejected the Petitioner's argument that Lt. Rubalcava was impartial because he was assigned to the Special Investigative Supervisor's (SIS) office, which was responsible for the investigation. Petitioner challenged Lt. Rubalcava's impartiality to appear as the Disciplinary Hearing Officer (DHO). The Magistrate Judge explained that "those precluded from serving as DHOs would not include those who are only tangentially affected by the alleged misconduct, such as prison officials who may have some administrative connection with such misconduct prior to hearings." (R&R at 4-5) (citation omitted).

Pursuant to 28 U.S.C. § 636(b), this Court makes a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.") To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*,

1 Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*,
2 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy
3 itself that there is no clear error on the face of the record in order to accept the recommendation).
4       While there are no objections and review has, therefore, been waived, the Court
5 nevertheless reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law.
6 *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449,
7 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed *de novo*); *Martinez v.*
8 *Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily
9 waive question of law, but is a factor in considering the propriety of finding waiver)). The Court
10 finds the R&R to be thorough and well-reasoned, without any clear error in law or fact. *United*
11 *States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989). The Court accepts and adopts the
12 R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated in
13 the R&R, the Court denies the Petition for Writ of Habeas Corpus.

      **Accordingly,**

      **IT IS ORDERED** that the Report and Recommendation [Doc. 9] is adopted as the opinion of the Court.

      **IT IS FURTHER ORDERED** that the Clerk of the Court shall dismiss the Petition [Doc. 1], with prejudice.

      DATED this 7th day of March, 2011.

David C. Bury
United States District Judge